### COHEN v. LEAMAN & CLESI.
No. 14609.

Court of Appeal of Louisiana. Orleans.

Jan. 29, 1934.

Alex. W. Swords, of New Orleans, for appellants.

J. A. Woodville, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff brings this suit on a written guarantee to recover the sum of $300. The defendants admit signing the contract, but deny liability, and, in reconvention, claim the sum of $127.20 for loss sustained as a result of indorsement of the plaintiff's note.

There was judgment in favor of the plaintiff as prayed for and dismissing the reconventional demand. Defendants have appealed.

It appears that the plaintiff owned paid-up stock in the Continental Homestead and preferred stock of the Western Oil Company. The defendant firm of stock brokers, on June 17, 1932, exchanged the plaintiff's securities for certain bonds of the Realty Foundation Company, Inc., which had a par value of $3,000, and, in connection with the exchange, gave the following letter:

"Mrs. Sophie Cohen, Baronne Apartments, New Orleans, La.

"Dear Mrs. Cohen: This will be the guarantee of the undersigned and should it become necessary for you to use the bonds sold you, namely, $3,000.00, Realty Foundation, Inc., 6%, due 1938 and guaranteed direct to

the holder by the General Surety Co., please be advised that we will secure for you at a rate of interest not to exceed 7% such necessary funds as may be needed by you not in excess of $1,500.00, and upon such terms and conditions as shall be mutually agreed upon.

"Yours very truly,

"Leaman & Clesi, Brokers,

"[Signed] P. J. Leaman."

On September 13, 1932, the plaintiff went to the defendants' office and requested, in accordance with the provisions of the above written document, a loan of $1,500. She was taken to the Interstate Trust & Banking Company which refused to lend her $1,500 for ninety days, but agreed to lend her $1,200 for ninety days secured by the bonds and the indorsements of defendants. About November 15, 1932, the plaintiff again called at the defendants' office and requested an additional loan of $300 in accordance with the letter and the defendants declined to comply with her request. Further attempts through her attorney were also made to get the $300 loan without success. On December 12, 1932, the plaintiff's note of $1,200 matured and the bank agreed to extend the loan upon the payment of $100. This the plaintiff refused to do. The matter was then placed in the hands of an attorney and the bonds which were pledged as collateral were sold through Fenner, Beane & Unserleider, brokers on the open market for the sum of $1,140.30. The brokers' fee was $7.50 and the balance of $1,132.80 was turned over to the bank to be credited on account of the note, leaving a balance due of $67.20 and an attorney's fee of $60. These two latter items make up the amount of the reconventional demand.

The plaintiff contends first that the document sued upon is a guarantee that she was to realize $1,500 from the bonds which she received in the exchange, and, in the alternative, that the guarantee was for a loan of $1,500, and, as a result of the failure of the defendants to lend her the additional $300, she has sustained a loss of that sum due to a breach of the contract.

■ It is obvious that the contract is not a guarantee that the defendants would pay the plaintiff the sum of $1,500 for the bonds or that she could dispose of them at that price when she desired to do so.

■ Before taking up the second contention, we may observe that the agreement appears to be a nudum pactum because the last clause therein states that the loan was to be made upon such terms and conditions as the parties might mutually agree to. But considering that the contract is a valid one, a view most favorable to the plaintiff because if it

is invalid it cannot be enforced in any respect, the plaintiff was entitled to a loan of $1,500. The complaint is that the defendants refused to make the requested additional loan of $300. The plaintiff's remedy, under the circumstances, was two-fold. First, to attempt to procure a loan of $300 elsewhere, and, if she had to pay a rate of interest in excess of 7 per cent., as provided in the guarantee, she would have been entitled to recover from the defendants the difference, as damages, for breach of the agreement. If she was unable to obtain a loan of $300 elsewhere, then her remedy was by an action for specific performance of the contract.

■ In any event the language of the contract clearly shows that all the plaintiff was entitled to was a loan of $1,500. If she borrowed $1,500, she was obliged to repay it. The judgment of the lower court awards her $300 with no obligation on her part whatever to repay defendants. This is clearly erroneous as plaintiff was not entitled to a moneyed judgment for $300, but only a loan. The plaintiff neither brought suit for specific performance of the contract, nor for damages for breach of contract, representing interest in excess of the 7 per cent. provided for in the agreement, because she never attempted to negotiate a loan elsewhere, and, hence, we are powerless to grant a judgment in her favor.

■ With reference to the reconventional demand, the record shows that the defendants were the indorsers on the plaintiff's note and that she failed to pay it with the result that the collateral was sold and credit given her for the full amount that it brought less the expenses of selling it. Unfortunately, the bond market was down at the time, and the securities did not bring enough to liquidate the loan and there remained a small balance due together with an attorney's fee of $60 which resulted from the plaintiff defaulting on her note. These amounts were proven and should be allowed.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment dismissing plaintiff's suit.

It is further ordered that there be judgment in favor of defendants and plaintiff in reconvention, Leaman & Clesi, a commercial copartnership composed of P. J. Leaman and L. J. Clesi, and against Mrs. Sophie Cohen, defendant in reconvention, in the full sum of $127.20 with legal interest from judicial demand. Plaintiff to pay the costs of both courts.

Reversed.